The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion regarding whether cities may employ persons who are not law enforcement officers to write tickets for parking violations. In your correspondence, you indicate that the City of Fayetteville has for the past several years employed persons for this purpose. With respect to the legality of this practice, you have asked for an opinion on the following four questions:
 1. Does current Arkansas law permit non-law enforcement personnel to be used to enforce parking violations?
 2. If so, can a person who has not paid a parking ticket which was issued by a non-law enforcement officer be prosecuted in municipal court?
 3. If such a person cannot be prosecuted in municipal court, is there any way to prosecute or collect parking tickets that have already been written by non-law enforcement personnel?
 4. If current Arkansas law does not permit non-law enforcement officers to write parking tickets, can amendment of state statutes provide for such authority in the future?
With regard to your first question, it is my opinion that A.C.A. 12-9-108(b)(4)(A) (Cum. Supp. 1993) specifically authorizes first and second class cities, as well as incorporated towns, to employ persons who are not certified law enforcement personnel to issue citations for parking violations occurring within the corporate limits of the city or town. This section of the Code, located among the statutes pertaining to the training and standards for law enforcement officers, provides:
 Cities of the first and second class and incorporated towns are authorized to employ persons who do not meet certification requirements prescribed by the Arkansas Commission on Law Enforcement Standards and Training to issue citations for parking violations occurring within the corporate limits of the city or town.
A.C.A. 12-9-108(b)(4)(A).
The persons authorized to be employed under the provision set forth above may not, however, carry firearms or take any other official law enforcing action except for the issuance of citations for parking violations. See A.C.A.12-9-108(b)(4)(B).
With respect to your second question, it is my opinion that the answer is presumably "yes" since, as stated above, a citation for a parking violation may be validly issued by persons who are not law enforcement officers. Pursuant to the "Municipal Court Civil Jurisdiction Act," municipal courts have jurisdiction exclusive of the justices of the peace and of the circuit court over violations of all ordinances passed by the city council of the city or quorum court of the county wherein the municipal court is situated. A.C.A. 16-17-704(a)(1) (Repl. 1994). As I presume that there is a Fayetteville city ordinance regarding parking violations, the Fayetteville Municipal Court would have exclusive jurisdiction over such matters, and persons who are issued citations by individuals other than law enforcement officers pursuant to A.C.A.12-9-108(b)(4)(A) could presumably be prosecuted in the Fayetteville Municipal Court.
My responses to your first and second questions render your third and fourth questions moot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh